## Hoffman's Estate

*E. O. Golden* and *Robert E. Ashe*, for widow.
*John W. Rohrer*, for daughter.
*Wade E. Heilman*, for creditors.

GRAFF, P. J., August 10, 1940.—This matter comes before us upon exceptions to an auditor's report. The only exception pressed at the time of the argument is that which relates to the failure to make immediate distribution of the amount claimed to be due to the widow of the deceased.

Darreld B. Hoffman died on April 5, 1938, leaving to survive him his widow, Letha Hoffman, and one daughter, Maxine Hoffman. On May 27, 1938, Letha Hoffman was indicted for the murder of her husband, the deceased, and a true bill returned by the grand jury on June 8, 1938. On August 23, 1938, a commission found that the said Letha Hoffman was in fact insane, and this report and finding was approved and so adjudicated by the court of common pleas. Thereafter, Letha Hoffman was committed

to Dixmont State Hospital, to be detained as an insane person.

The auditor concluded that the amount due the widow, to wit, $609.64, should be held in the hands of the administrator until such a time as it should be determined whether said Letha Hoffman was finally adjudged guilty or not guilty of murder of the first or second degree.

The Intestate Act of June 7, 1917, P. L. 429, sec. 23, provides:

"No person who shall be finally adjudged guilty, either as principal or accessory, of murder of the first or second degree, shall be entitled to inherit or take any part of the real or personal estate of the person killed, as surviving spouse, heir, or next of kin to such person under the provisions of this act."

In Tarlo's Estate, 315 Pa. 321, it is held that "finally adjudged" means convicted and sentenced, and the sentence not appealed, or, if appealed, that said judgment or sentence has been affirmed. In that case the suicide of the murderer prevented his trial, and consequently the court permitted his administrator to share in the estate of a daughter whom he had murdered. We are of the opinion that that case controls the present one. Whilst it is true that The Mental Health Act of July 11, 1923, P. L. 998, provides that if an insane person indicted for crime shall become well, that person shall be then tried, that in our opinion does not prevent distribution in this case. No presumption of guilt arises simply because an indictment has been filed. On the contrary, a presumption of innocence exists. If Letha Hoffman never regains her sanity, although innocent, by the decision of the auditor she would be prevented from ever enjoying any of the proceeds of her husband's estate. It is true, if she regains her sanity and is convicted of murder, that those entitled under the law to participate in the estate might be deprived thereof, by our conclusion. Yet we are constrained to follow the conclusion that justice favors those presumptively innocent. Letha Hoffman is insane, incapable

210

of being tried for crime, innocent in the eyes of the law, and we conclude entitled to share presently in her husband's estate. The exception must be sustained.

Accordingly we make the following:

*Order*

And now, August 10, 1940, this matter came on to be heard, and it is ordered, adjudged, and decreed as follows:

That the exception filed to the tenth conclusion of law of the auditor be and is hereby sustained, and it is ordered and directed that the sum of $609.64 be distributed presently to those legally entitled to act for Letha Hoffman, an insane person.